### HARPER v. HUGHES et al.

(Court of Civil Appeals of Texas. Dallas. Jan. 27, 1912.)

1. SPECIFIC PERFORMANCE (§ 100*)—LACHES.

A purchaser of land, who refuses to carry out his agreement on account of an alleged defect in the title, cannot, some years later, when the land has greatly increased in value, obtain specific performance of the contract.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 305–310; Dec. Dig. § 100.*]

2. SPECIFIC PERFORMANCE (§ 17*)—RIGHT TO ENFORCE—BONA FIDE PURCHASER.

Where one having a contract for the purchase of land refused to carry it out on the ground of an alleged defect in title, plaintiff, who purchased the rights of the original contractor, is not a bona fide purchaser entitled to specifically enforce the contract, where an inquiry would have shown him that the original contractor had refused to carry out the purchase and had no legal title.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 38–46; Dec. Dig. § 17.*]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by N. M. Harper against L. H. Hughes, administrator of the estate of H. H. Rawlins, and another. From a judgment for the administrator, plaintiff appeals. Affirmed.

Flexter & Kramer, for appellant. K. R. Craig, for appellees.

BOOKHOUT, J. This cause was tried in the district court without a jury, and at the request of plaintiff, appellant herein, the court filed his conclusions of fact and law, as follows:

"L. H. Hughes was the administrator of H. H. Rawlins, deceased, pending in the county court of Dallas county, Tex., and the property involved in this litigation belonged to the estate of said Rawlins. The said Hughes, as administrator, was authorized to sell said property by virtue of a general order for the purpose of partition, at private sale for cash. On the 2d day of August, 1906, the said administrator filed in the county court of Dallas county, Tex., a report stating that he had a written proposition from R. O. Carter to purchase the land (describing the land in controversy) at a price of $1,100 in cash, the estate to furnish an abstract of title showing a good title, and which proposition he had accepted, subject to the approval of the court. On August 30, 1906, the county court of Dallas county entered an order approving said sale and directing the administrator to make proper conveyance of the property to R. O. Carter upon his complying with the terms of the sale. That shortly thereafter, to wit, within a few weeks, the said administrator furnished to the said R. O. Carter, who throughout the entire transaction was represented by his father, J. Mercer Carter, an abstract of title to the property. That within a few days after the delivery of the abstract of title by the administrator to the said R. O. Carter, through his agent, J. Mercer Carter, the said J. Mercer Carter reported to the said administrator that his attorneys had advised him that the title to the said property was defective, and for that reason he would not comply with the terms of the purchase, and thereupon returned to the administrator the abstract of title which had been furnished to him. That on the 18th day of September, 1908, R. O. Carter sold and conveyed to his coplaintiff, N. M. Harper, the land in controversy, for the sum of $1,500, after which conveyance, to wit, on the 19th day of September, 1908, R. O. Carter, through his agent, J. Mercer Carter, tendered to the administrator, L. H. Hughes, the sum of $1,100, less the sum of $25.58, which he claimed to have paid on back taxes, and demanded a deed conveying the property to him as under the order of court of August 30, 1906. The administrator refused the tender and refused to execute a deed, and thereupon the said R. O. Carter filed his petition in the county court of Dallas county on September 21, 1908, praying for an order directing the administrator to execute a deed conveying to him the land in controversy in conformity with the order of the court aforesaid of date August 30, 1906. On March 18, 1909, N. M. Harper filed his petition setting up his purchase aforesaid

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

from R. O. Carter, and joining the said R. O. Carter in his prayer for an order directing the administrator to execute a deed to the land. To which petition the administrator, by answer filed on March 18, 1909, set up the abandonment of the original purchase and the sale by R. O. Carter on account of the alleged defect in the title; that the administrator treated the sale as abandoned as aforesaid, and was so advised; that the property had materially advanced in value; and prayed for a vacation of the order of August 30, 1906. The cause was tried on March 18, 1909, in the county court of Dallas county, and the motion of the said Carter, as joined by the said Harper, was denied on the ground as stated in the judgment, viz.: That said Carter, when called upon for a compliance with the terms of his purchase, failed and refused to do so on the ground of the alleged defect in the title; that said purchase was by said Carter abandoned, and no attempt to revive the same or to comply with the terms of the sale was made by him until about two years thereafter, and in the meantime the market value of the property had materially increased. The court concludes, upon the record and the evidence introduced upon the trial, that the purchaser, R. O. Carter, failed and refused to comply with the terms of the sale approved August 30, 1906, and so notified the administrator, L. H. Hughes, that he would not comply with the terms of such sale; that in the interval between his refusal to comply with the terms of the sale and his offering after his sale to N. M. Harper, to comply therewith, the value of the property had materially enhanced.

"Conclusions of Law.

[1] "The court concludes: That, after rejecting the title and refusing to comply with the terms of the sale, the purchaser, R. O. Carter, had no right after so long a time, and after such a material change in the value of the property, to recant his refusal and demand a conveyance under the terms of the sale which he had theretofore rejected.

[2] "That N. M. Harper does not occupy the position of a bona fide purchaser, and is in no sense entitled to a better position in his demand for a conveyance of the land than that occupied by R. O. Carter. That he purchased the land with notice of the fact that Carter had not complied with the terms of the purchase. There is no evidence that any inquiry was made by him, and the facts show that, if proper inquiry had been made, he would have been advised of the fact that R. O. Carter had rejected the purchase and sale of August 30, 1906, and was not entitled to demand of the administrator a conveyance of the land.

"Wherefore the court concludes that plaintiff is not entitled to specific performance by the administrator, L. H. Hughes, with the order of August 30, 1906, and judgment is accordingly ordered and entered that they take nothing by their suit."

We adopt these conclusions.

R. O. Carter had not complied with the terms of the order of sale at the time of the purchase of the land from him by appellant; on the contrary, he had refused to comply with the terms of said sale, and thereby had withdrawn his original offer to purchase, and the sale had been abandoned. The legal title to the land not being in R. O. Carter, appellant could not occupy the position of a purchaser in good faith. York v. McNutt, 16 Tex. 14, 67 Am. Dec. 607.

Finding no error in the record, the judgment is affirmed.